# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLINE BRYANT and MAX GRACIA, SR.,**

    **Plaintiffs,**

v.                                       Case No:   6:17-cv-1423-Orl-31KRS

**ORANGE COUNTY, FLORIDA, ROBERT J. BUCK, III, MARYANNE EVANS, KAREN CLAIRMONT, ELSA GALLOZA-GONZALEZ and LYNN MARIE HARTER,**

    **Defendants.**

## ORDER

This matter comes before the Court on Defendant Orange County's Motion to Dismiss Count I of the Second Amended Complaint (Doc. 54) and the Plaintiff's Response (Doc. 55).

**I.    Background**

The Plaintiffs brought the instant case following the death of the Decedent, which occurred during his incarceration with Orange County Corrections. An Autopsy Report concluded that the manner of his death was homicide, due to his incarceration, and that the cause of death was "septic shock complicating infected dog bite wounds" with HIV as a contributory factor.[1] Doc. 47 ¶ 41. The Decedent suffered multiple dog bites during his arrest on August 6, 2015. *Id.* ¶ 21.

On September 18, 2017, the Plaintiffs filed the Amended Complaint. Doc. 29. Count I alleged a § 1983 claim against Orange County, Count II alleged a § 1983 claim against Buck, Count

---

[1] For a more detailed factual background, *see Bryant v. Orange Cty., Fla.*, No. 6:17-cv-1423-ORL-31-KRS, 2018 WL 326310, at *1-2 (M.D. Fla. Jan. 8, 2018).

III alleged a § 1983 claim against Evans, Count IV alleged a § 1983 claim against Clairmont, Count V alleged a § 1983 claim against Gonzalez, Count VI alleged a § 1983 claim against Harter, and Count VII alleged a medical malpractice claim against Orange County.

Defendants Clairmont and Evans each filed individual motions to dismiss on October 2, 2017. Docs. 31, 32. That same day, Defendants Orange County, Buck, Gonzalez, and Harter filed a collective motion to dismiss. Doc. 33. The Court granted Orange County's Motion to Dismiss, but denied the other Motions to Dismiss. Doc. 44. On January 18, 2018, the Plaintiffs filed the Second Amended Complaint. Doc. 47. Orange County filed the Motion to Dismiss Count I of the Second Amended Complaint on February 8, 2018. Doc. 54. The Plaintiffs filed the Response in Opposition on February 20, 2018. Doc. 55.

**II.  Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal

pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

## III.   Analysis

Count I of the Second Amended Complaint seeks relief against Orange County for violation of § 1983. In *Monell v. Dept. of Soc. Servs. of New York*, the Supreme Court rejected the proposition that municipalities can be held liable under the doctrine of *respondeat superior*. 436 U.S. 658, 694 (1978). Instead, a plaintiff is required to show that the Constitutional injury alleged was the result of a custom or policy. *Id.* Where no stated policy exists, a plaintiff must show that there was a pattern of deliberate indifference[2] that is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty v. Brown*, 520 U.S. 397, 404 (1997); *see also Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310–11 (11th Cir. 2011). Municipal liability may be based on a claim of inadequate training where "a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can be properly thought of as a city policy or custom that is actionable under § 1983.*" Albra v. City of Ft. Lauderdale*, 232 Fed. App'x 885, 890 (11th Cir. 2007) (citations omitted).

---

[2] Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *See Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) ("claim of deliberate indifference requires proof of more than gross negligence").

The Plaintiffs allege that the Decedent's death was the result of "an unwritten policy of allowing documentation to be minimized to twice a week unless there was a change in the patient's medical condition." Doc. 47 ¶ 69. Additionally, the Plaintiffs aver that the "facility was medically understaffed, presumably due to budgetary concerns." *See id.* However, because there is no stated policy, the Plaintiffs would need to plausibly allege that there was a widespread pattern of deliberate indifference in order for Count I to survive the Motion to Dismiss. The Plaintiffs allege that Orange County knew of prior similar incidents that resulted in the death of OCC detainees, and that Orange County consciously failed to properly train its medical staff to avoid repeated incidents. Doc. 47 ¶ 59. Instead of training its staff properly, the Plaintiffs aver, Orange County "routinely acquiesced to its medical staff not properly doing rounds, not properly documenting a detainee's medical conditions, [and] not properly supervising and administering medical orders." *Id.* ¶ 60.

As factual support for their claims, the Plaintiffs cite three different deaths and one serious injury during the past thirty years that involved a failure to provide medical treatment to detainees with declining medical conditions. The most recent of these incidents occurred in October of 2000. Doc. 47 ¶ 61. The Plaintiffs claim that these deaths "put Orange County on notice of the need for more adequate training of its medical staff when dealing with inmates or detainees in medical or mental decline." *Id.* ¶ 60. Individually, these incidents are troubling, but they are insufficient to plausibly allege a widespread pattern of deliberate indifference that was ongoing at the time of the Decedent's death. Accordingly, the Plaintiff has not plausibly pled a claim for municipal liability under § 1983.

**IV.     Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that Defendant Orange County's Motion to Dismiss (Doc. 54) is **GRANTED**. Count I of the Second Amended Complaint is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 14, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party