# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLINE BRYANT and MAX GRACIA, SR. ,**

    **Plaintiffs,**

**v.**                                        Case No:   6:17-cv-1423-Orl-31KRS

**ORANGE COUNTY, FLORIDA, ROBERT J. BUCK, III , MARYANNE EVANS, KAREN CLAIRMONT, ELSA GALLOZA-GONZALEZ and LYNN MARIE HARTER,**

    **Defendants.**

## ORDER
(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' UNOPPOSED RENEWED MOTION TO WITHDRAW IN RESPONSE TO COURT'S ORDER DENYING WITHOUT PREJUDICE ORIGINAL MOTION TO WITHDRAW AS COUNSEL   (Doc. No. 74)**
>
> **FILED:** **January 14, 2019**

On December 11, 2018, Jason Recksieldler, Esq., and Stephen Calvacca, Esq., filed a motion to withdraw as counsel for Plaintiffs Willine Bryant and Max Gracia, Sr., as Co-Personal Representatives of the Estate of Max Gracia, Jr. II.  Doc. No. 72.  I denied that motion without prejudice because counsel did not address whether Plaintiffs could represent the Estate *pro se*.  Doc. No. 73.

On January 14, 2019, Attorneys Recksieldler and Calvacca filed the above-styled renewed motion to withdraw, stating that they have been effectively discharged by Plaintiffs. Doc. No. 74, at 5. Attorneys Recksieldler and Calvacca state that irreconcilable differences exist between counsel and Plaintiffs, and resolution of these differences is not possible. *Id.* ¶ 2. Attorneys Recksieldler and Calvacca acknowledge that there is no binding authority holding that a party representing an estate may proceed *pro se* in a federal case. *Id.* ¶ 6.

Based on the representations of counsel, it is **ORDERED** that Plaintiffs' renewed motion to withdraw (Doc. No. 74) is **GRANTED in part**. Attorneys Recksieldler and Calvacca will be permitted to withdraw as counsel for Plaintiffs. However, with the withdrawal of Attorneys Recksieldler and Calvacca, Plaintiffs, as Co-Personal Representatives of the Estate, are now without counsel representing them in this Court.

Plaintiffs may not appear and be heard in this case except through counsel of record. *See, e.g.*, *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (cited as persuasive authority) (administratrix of estate not permitted to proceed *pro se* on behalf of decedent's estate); *Estate of Robbins v. Runyon*, No. 8:15-cv-02832-EAK-JSS, 2016 WL 10540935, at *2 (M.D. Fla. Jan. 14, 2016) ("In the Eleventh Circuit, a non-lawyer is not permitted to proceed pro se on behalf of an estate."); *see also Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (affirming by operation of law, by evenly split court *en banc*, a district court order disqualifying a decedent's estate representatives from proceeding *pro se* in a wrongful death suit). Accordingly, it is **ORDERED** that, on or before January 25, 2019, Plaintiffs shall retain new counsel of record and file a notice of compliance with this Order. Plaintiffs are advised that failure to comply with this Order may result in a recommendation that this case be dismissed. *See* Fed. R. Civ. P. 16(f).

It is **ORDERED** that Attorneys Recksieldler and Calvacca shall serve a copy of this Order on Plaintiffs. The **Clerk of Court** shall direct all future filings in this case to Willine Bryant, 1740 NW Northriver Dr., Apt. 512, Miami, Florida 33125; and Max Gracia, Sr., 3802 S. Nashville Ave., Orlando, Florida, 32839, until such time as Plaintiffs obtain counsel of record.

The motion is **DENIED** insofar as it requests a hearing on the renewed motion to withdraw and a stay of the proceedings. All current deadlines remain in effect.

**DONE** and **ORDERED** in Orlando, Florida on January 15, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE