# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Elizabeth M. Warren                                    Benjamin C. Wynn
Clerk of Court                                    Orlando Division Manager

---

**DATE:**          May 15, 2019

**TO:**          Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**WILLINE BRYANT and MAX GRACIA, SR. ,**

        **Plaintiffs,**

**v.**                                    **Case No:  6:17-cv-1423-Orl-31LRH**

**ORANGE COUNTY, FLORIDA, ROBERT J.
BUCK, III , KAREN CLAIRMONT, ELSA
GALLOZA-GONZALEZ and LYNN MARIE
HARTER,**

        **Defendants.**

---

**U.S.C.A. Case No.:**          **NOT YET ASSIGNED**

- Honorable Gregory A. Presnell, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.

ELIZABETH M. WARREN, CLERK

By:       s/L. W., Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

WILLINE BRYANT and MAX GRACIA, SR.,
as Co-Personal Representatives of the Estate of
MAX GRACIA, JR., II,

      Plaintiff,

v.

ORANGE COUNTY, FLORIDA, ROBERT J.
BUCK, III, MARYANNE EVANS, KAREN
CLAIRMONT, ELSA GALLOZA-GONZALEZ,
and LYNN MARIE HARTER,

      Defendants.

_____/

CASE NUMBER: 6:17-CV-1423-
ORL-31-KRS

## NOTICE OF JOINT INTERLOCUTORY APPEAL

NOTICE IS HEREBY GIVEN that Defendants ROBERT J. BUCK, III and KAREN

CLAIRMONT jointly appeal to the United States Court of Appeals for the Eleventh Circuit from

this Honorable Court's Order denying their motions for summary judgment entered April 24, 2019.

(Doc. 103.)  The Order found as a matter of law that Appellants are not entitled to qualified

immunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

Electronic Mail to Jason J. Recksiedler, Esquire, Stephen J. Calvacca, Esquire, Nejame Law, P.A.,

189 S. Orange Avenue, Suite 1800, Orlando, FL    32801, jason@nejamelaw.com;

litigation@nejamelaw.com;    Laura.Beltran@nejamelaw.com;    civilservice@nejamelaw.com;

stephen@nejamelaw.com; darlene@nejamelaw.com; Gail C. Bradford, Esquire, William E.

Lawton, Esquire, Eric J. Netcher, Esquire, Dean, Ringers, Morgan & Lawton, P.A., 201 East Pine

1

Street Suite 1200, Orlando, FL 32801, gbradford@drml-law.com; Suzanne@drml-law.com; wlawton@drml-law.com; Marla@drml-law.com; enetcher@drml-law.com; on this 14 day of May, 2019.

| /s/ Derek J. Angell | /s/ Walter A. Ketcham |
|---|---|
| DEREK J. ANGELL, ESQUIRE<br>Florida Bar Number: 73449<br>DAngell@oconlaw.com<br>O'CONNOR & O'CONNOR, LLC<br>800 North Magnolia Avenue, Ste 1350<br>Orlando, FL 32803<br>(407) 843-2100<br>(407) 843-2061 Facsimile<br>*Attorneys for Defendant, Robert Buck, III* | WALTER A. KETCHAM, JR., ESQUIRE<br>Florida Bar Number: 156630<br>waketcham@growerketcham.com<br>Brian F. Moes, Esquire<br>Florida Bar Number: 39403<br>bfmoes@growerketcham.com<br>GROWER, KETCHAM, EIDE, TELAN &<br>MELTZ, P.A.<br>PO Box 538065<br>Orlando, FL 32853-8065<br>Phone: (407) 423-9545<br>Fax: (407) 425-7104<br>*Attorneys for Defendant, Karen Clairmont* |

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:17-cv-01423-GAP-LRH

| | |
|---|---|
| Bryant v. Orange County, Florida et al | Date Filed: 08/02/2017 |
| Assigned to: Judge Gregory A. Presnell | Jury Demand: Both |
| Referred to: Magistrate Judge Leslie R. Hoffman | Nature of Suit: 362 Personal Inj. Med. |
| Cause: 42:1983 Civil Rights Act | Malpractice |
| | Jurisdiction: Federal Question |

### Plaintiff

**Willine Bryant**
*as Co-Personal Representative of the Estate
of Max Gracia Jr. II*
*also known as*
Willine Gracia

represented by **Jason J. Recksiedler**
NeJame Law, PA
189 S Orange Ave Ste 1800
Orlando, FL 32801-3261
407/245-1232
Fax: 407/802-1445
Email: jason@nejamelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J. Calvacca**
NeJame Law, PA
189 S Orange Ave Ste 1800
Orlando, FL 32801-3261
407/245-1232
Fax: 407/245-2980
Email: stephen@nejamelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Max Gracia, Sr.**
*as Co-Personal Representative of the Estate
of Max Gracia Jr. II*

represented by **Jason J. Recksiedler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J. Calvacca**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Orange County, Florida**

represented by **Dennis R. O'Connor**
O'Connor & O'Connor, LLC
Suite 200
840 S Denning Dr

Winter Park, FL 32789
407/843-2100
Fax: 407-843-2061
Email: doconnor@oconlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek J. Angell**
O'Connor & O'Connor, LLC
Suite 200
840 S Denning Dr
Winter Park, FL 32789
407/843-2100
Fax: 407/843-2061
Email: dangell@oconlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gail C. Bradford**
Dean, Ringers, Morgan & Lawton, PA
201 E Pine St - Ste 1200
PO Box 2928
Orlando, FL 32802-2928
407/422-4310
Fax: 407/648-0233
Email: gbradford@drml-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Leslie Harrop**
O'Connor & O'Connor, LLC
Suite 200
840 S Denning Dr
Winter Park, FL 32789
407/843-2100
Fax: 407/843-2061
Email: rharrop@oconlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert J. Buck, III**                    represented by  **Dennis R. O'Connor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek J. Angell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Leslie Harrop**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maryanne Evans**
*TERMINATED: 02/20/2019*

represented by **Eric J. Netcher**
Dean, Ringers, Morgan & Lawton, PA
201 E Pine St - Ste 1200
PO Box 2928
Orlando, FL 32802-2928
407-422-4310
Fax: 407-648-0233
Email: enetcher@drml-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gail C. Bradford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E. Lawton**
Dean, Ringers, Morgan & Lawton, PA
201 E Pine St - Ste 1200
PO Box 2928
Orlando, FL 32802-2928
407/422-4310 extr: 151
Fax: 407/648-0233
Email: wlawton@drml-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Clairmont**

represented by **Brian Francis Moes**
Grower, Ketcham, Rutherford, Bronson,
Eide & Telan, P.A.
901 N. Lake Destiny Rd Ste 450
Maitland, Fl 32751
407/423-9545
Fax: 407/425-7104
Email: bfmoes@growerketcham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter A. Ketcham , Jr.**
Grower, Ketcham, Eide, Telan & Meltz, PA
901 N Lake Destiny Rd - Ste 450
PO Box 538065
Orlando, FL 32853-8065
407/423-9545
Fax: 407/425-7104
Email: enotice@growerketcham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elsa Galloza-Gonzalez**      represented by    **Dennis R. O'Connor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek J. Angell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Leslie Harrop**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lynn Marie Harter**      represented by    **Dennis R. O'Connor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek J. Angell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Leslie Harrop**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2017 | 1 | COMPLAINT against All Defendants with Jury Demand (Filing fee $ 400 receipt number ORL-65850) filed by Max Gracia, Sr, Willine Bryant. (Attachments: # 1 Civil Cover Sheet)(LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 2 | SUMMONS issued as to Elsa Galloza-Gonzalez. (LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 3 | SUMMONS issued as to Karen Clairmont. (LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 4 | SUMMONS issued as to Maryanne Evans. (LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 5 | SUMMONS issued as to Robert J. Buck, III. (LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 6 | SUMMONS issued as to Orange County, Florida. (LMM) (Entered: 08/02/2017) |
| 08/02/2017 | 7 | SUMMONS issued as to Lynn Marie Harter. (LMM) (Entered: 08/02/2017) |
| 08/03/2017 | 8 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 8/17/2017. Signed by Judge Gregory A. Presnell on 8/3/2017. Copies mailed. (LAM)** (Entered: 08/03/2017) |
| 08/03/2017 | 9 | **INTERESTED PERSONS ORDER. Certificate of interested persons and corporate disclosure statement due by 8/17/2017. Signed by Judge Gregory A. Presnell on** |

| | | 8/3/2017. Copies mailed. (LAM) (Entered: 08/03/2017) |
|---|---|---|
| 08/14/2017 | 10 | NOTICE of pendency of related cases re 8 Related Case Order per Local Rule 1.04(d) by Willine Bryant. Related case(s): No (Recksiedler, Jason) Modified on 8/15/2017 (LMM). (Entered: 08/14/2017) |
| 08/14/2017 | 11 | CERTIFICATE of interested persons and corporate disclosure statement re 9 Interested persons order by Willine Bryant. (Recksiedler, Jason) (Entered: 08/14/2017) |
| 08/28/2017 | 12 | NOTICE of Appearance by Gail C. Bradford and William E. Lawton on behalf of Maryanne Evans (Bradford, Gail) Modified on 8/29/2017 (LMM). (Entered: 08/28/2017) |
| 08/28/2017 | 13 | Unopposed MOTION for 10 day Extension of Time to File Answer re 1 Complaint by Maryanne Evans. (Bradford, Gail) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 8/29/2017 (LMM). (Entered: 08/28/2017) |
| 08/28/2017 | 14 | ANSWER and affirmative defenses to 1 Complaint with Jury Demand by Karen Clairmont.(Ketcham, Walter) (Entered: 08/28/2017) |
| 08/28/2017 | 15 | NOTICE of pendency of related cases re 8 Related Case Order per Local Rule 1.04(d) by Karen Clairmont. Related case(s): No (Ketcham, Walter) Modified on 8/29/2017 (LMM). (Entered: 08/28/2017) |
| 08/28/2017 | 16 | CERTIFICATE of interested persons and corporate disclosure statement re 9 Interested persons order by Karen Clairmont. (Ketcham, Walter) (Entered: 08/28/2017) |
| 08/29/2017 | 17 | **INTERESTED PERSONS ORDER to DEFENDANTS MARYANNE EVANS and KAREN CLAIRMONT. Certificate of interested persons and corporate disclosure statement due by 9/12/2017. Signed by Judge Gregory A. Presnell on 8/29/2017. Copies mailed. (LAM)** (Entered: 08/29/2017) |
| 08/29/2017 | 18 | **ORDER granting 13 Motion for Extension of Time to Answer or respond re 1 Complaint. Maryanne Evans answer is due 9/7/2017. Signed by Magistrate Judge Karla R. Spaulding on 8/29/2017. (RDO)** (Entered: 08/29/2017) |
| 08/30/2017 | 19 | NOTICE of pendency of related cases re 8 Related case order and track 2 notice per Local Rule 1.04(d) by Maryanne Evans. Related case(s): yes (Bradford, Gail) (Entered: 08/30/2017) |
| 08/30/2017 | 20 | CERTIFICATE of interested persons and corporate disclosure statement re 17 Interested persons order by Maryanne Evans. (Bradford, Gail) (Entered: 08/30/2017) |
| 09/01/2017 | 21 | MOTION to Dismiss Complaint *and Orange County's Motion for Extension of Time to Answer the Negligence Count* by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (Angell, Derek) (Entered: 09/01/2017) |
| 09/05/2017 | 22 | **INTERESTED PERSONS ORDER to DEFENDANTS ORANGE COUNTY, FLORIDA, ROBERT J. BUCK, III, ELSA GALLOZA-GONZALEZ and LYNN MARIE HARTER. Certificate of interested persons and corporate disclosure statement due by 9/19/2017. Signed by Judge Gregory A. Presnell on 9/5/2017. Copies mailed. (LAM)** (Entered: 09/05/2017) |
| 09/07/2017 | 23 | Unopposed MOTION for Extension of Time to File Response/Reply as to 21 MOTION to Dismiss Complaint *and Orange County's Motion for Extension of Time to Answer the Negligence Count* by Willine Bryant, Max Gracia, Sr. (Recksiedler, Jason) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 9/13/2017 (LMM). (Entered: 09/07/2017) |
| 09/07/2017 | 24 | MOTION to dismiss for failure to state a claim by Maryanne Evans. (Bradford, Gail) (Entered: 09/07/2017) |

| | | |
|---|---|---|
| 09/08/2017 | 25 | **ENDORSED ORDER granting 23 Motion for Extension of Time to File Response/Reply re 21 MOTION to Dismiss Complaint *and Orange County's Motion for Extension of Time to Answer the Negligence Count* Response due by 10/2/2017. Signed by Magistrate Judge Karla R. Spaulding on 9/8/2017. (Spaulding, Karla)** (Entered: 09/08/2017) |
| 09/08/2017 | 26 | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 MOTION to dismiss for failure to state a claim by Willine Bryant, Max Gracia, Sr. (Recksiedler, Jason) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 9/13/2017 (LMM). (Entered: 09/08/2017) |
| 09/08/2017 | 27 | CERTIFICATE of interested persons and corporate disclosure statement re 22 Interested persons order by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (Harrop, Ronald) (Entered: 09/08/2017) |
| 09/13/2017 | 28 | **ENDORSED ORDER granting 26 Motion for Extension of Time to File Response to 24 MOTION to dismiss for failure to state a claim . Response due by 10/10/2017. Signed by Magistrate Judge Karla R. Spaulding on 9/13/2017. (Spaulding, Karla)** (Entered: 09/13/2017) |
| 09/18/2017 | 29 | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Max Gracia, Sr, Willine Bryant. Related document: 1 Complaint filed by Willine Bryant, Max Gracia, Sr..(Calvacca, Stephen) (Entered: 09/18/2017) |
| 09/20/2017 | 30 | **ENDORSED ORDER denying as moot 24 Motion to Dismiss for Failure to State a Claim; denying as moot 21 motion to dismiss. An amended complaint has been filed. Signed by Judge Gregory A. Presnell on 9/20/2017. (Presnell, Gregory)** (Entered: 09/20/2017) |
| 10/02/2017 | 31 | MOTION to Dismiss Amended Complaint , MOTION to dismiss for failure to state a claim by Karen Clairmont. (Ketcham, Walter) (Entered: 10/02/2017) |
| 10/02/2017 | 32 | MOTION to dismiss for failure to state a claim by Maryanne Evans. (Bradford, Gail) (Entered: 10/02/2017) |
| 10/02/2017 | 33 | MOTION to Dismiss Amended Complaint by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida AND MOTION for extension of time to answer the state law claim by Orange County, Florida. (Angell, Derek) Modified on 10/3/2017 (LMM). (Entered: 10/02/2017) |
| 10/05/2017 | 34 | Unopposed MOTION for Extension of Time to File Response to All Defendants' Motion to Dismiss Plaintiffs' Amended Complaint by Willine Bryant. (Recksiedler, Jason) (Entered: 10/05/2017) |
| 10/10/2017 | 35 | **ENDORSED ORDER granting 34 Motion for Extension of Time to File, Responses due 10/31/17. Signed by Judge Gregory A. Presnell on 10/10/2017. (Presnell, Gregory)** (Entered: 10/10/2017) |
| 10/11/2017 | | Set/reset deadlines as to 32 MOTION to dismiss for failure to state a claim , 33 MOTION to Dismiss Amended Complaint , 31 MOTION to Dismiss Amended Complaint MOTION to dismiss for failure to state a claim . Responses due by 10/31/2017 (LMM) (Entered: 10/11/2017) |
| 10/11/2017 | 36 | NOTICE of Appearance by Eric J. Netcher on behalf of Maryanne Evans (Netcher, Eric) (Entered: 10/11/2017) |
| 10/19/2017 | 37 | CASE MANAGEMENT REPORT. (Bradford, Gail) (Entered: 10/19/2017) |
| 10/20/2017 | 38 | **CASE MANAGEMENT AND SCHEDULING ORDER.** Signed by Judge Gregory |

| | | |
|---|---|---|
| | | A. Presnell on 10/20/2017. (TKW) (Entered: 10/20/2017) |
| 10/20/2017 | | Set scheduling order deadlines: Amended Pleadings due by 3/16/2018, Joinder of Parties due by 3/16/2018, Discovery due by 9/4/2018, Dispositive motions due by 10/1/2018, All other motions due by 2/22/2019, Final Pretrial Conference set for 3/14/2019 at 01:30 PM before Judge Gregory A. Presnell, Jury Trial set for 4/1/2019 at 09:15 AM before Judge Gregory A. Presnell, Conduct mediation hearing by 10/1/2018. Lead counsel to coordinate dates., Defendant disclosure of expert report due by 8/8/2018, Plaintiff disclosure of expert report due by 7/11/2018 (JP) (Entered: 10/23/2017) |
| 10/20/2017 | 39 | CASE REFERRED to Mediation. Donna Doyle appointed as mediator. (A copy was emailed to the mediator.) (JP) (Entered: 10/23/2017) |
| 10/31/2017 | 40 | RESPONSE in Opposition re 33 MOTION to Dismiss Amended Complaint , 32 MOTION to dismiss for failure to state a claim , 31 MOTION to Dismiss Amended Complaint MOTION to dismiss for failure to state a claim filed by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) (Entered: 10/31/2017) |
| 11/02/2017 | 41 | MOTION for leave to file Reply to Response to Motion to Dismiss by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (Angell, Derek) (Entered: 11/02/2017) |
| 11/03/2017 | 42 | **ENDORSED ORDER granting 41 Motion for Leave to File Reply, 7 pp limit, due 11/15/17. Signed by Judge Gregory A. Presnell on 11/3/2017. (Presnell, Gregory)** (Entered: 11/03/2017) |
| 11/06/2017 | | Set/reset deadlines as to 33 MOTION to Dismiss Amended Complaint . Replies due by 11/15/2017. (LMM) (Entered: 11/06/2017) |
| 11/15/2017 | 43 | REPLY to Response to Motion re 33 MOTION to Dismiss Amended Complaint filed by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (O'Connor, Dennis) (Entered: 11/15/2017) |
| 01/08/2018 | 44 | **ORDER denying 31 motion to dismiss; denying 31 Motion to Dismiss for Failure to State a Claim; denying 32 Motion to Dismiss for Failure to State a Claim; granting in part and denying in part 33 motion to dismiss. It is hereby ORDERED that Defendant Clairmont's Motion to Dismiss (Doc. 31) and Defendant Evans's Motion to Dismiss (Doc. 32) are DENIED. The Collective Motion to Dismiss (Doc. 33) is GRANTED as to Count I and DENIED as to all other Counts. Count I is DISMISSED without prejudice. If Plaintiffs wish to amend their Complaint as to Count I, they must do so by January 22, 2018. Orange County's Motion for Extension of Time to Answer the State Law Claim (Doc. 33) is GRANTED, and Orange County is hereby afforded fourteen (14) days from the date of this Order to file its answer and affirmative defenses. The other Defendants shall also answer the Amended Complaint within fourteen (14) days.Signed by Judge Gregory A. Presnell on 1/8/2018. (MAF)** (Entered: 01/08/2018) |
| 01/10/2018 | 45 | ANSWER and affirmative defenses with Jury Demand to 29 Amended Complaint by Karen Clairmont.(Ketcham, Walter) (Entered: 01/10/2018) |
| 01/18/2018 | 46 | AMENDED COMPLAINT against Max Gracia, Sr, Willine Bryant with Jury Demand. filed by All Plaintiffs.(Calvacca, Stephen) Modified on 1/18/2018 (LMM). **REFILED CORRECTLY AT 47** (Entered: 01/18/2018) |
| 01/18/2018 | 47 | Second AMENDED COMPLAINT against All Defendants with Jury Demand. filed by All Plaintiffs. Related document: 1 Complaint filed by Willine Bryant, Max Gracia, Sr., 29 Amended Complaint filed by Willine Bryant, Max Gracia, Sr.(Calvacca, Stephen) Modified on 1/19/2018 (LMM). (Entered: 01/18/2018) |

| 01/22/2018 | 48 | ANSWER and affirmative defenses to 47 Amended Complaint by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida.(Angell, Derek) Modified on 1/23/2018 (LMM). (Entered: 01/22/2018) |
| --- | --- | --- |
| 01/22/2018 | 49 | ANSWER and affirmative defenses with Jury Demand to 47 Amended Complaint *(Second)* by Maryanne Evans.(Bradford, Gail) (Entered: 01/22/2018) |
| 01/30/2018 | 50 | **FULL DOCUMENT REFILED CORRECTLY AT 51** ANSWER and affirmative defenses with Jury Demand to 47 Amended Complaint by Karen Clairmont.(Ketcham, Walter) Modified on 1/30/2018 (LMM). (Entered: 01/30/2018) |
| 01/30/2018 | 51 | ANSWER and affirmative defenses with Jury Demand to 47 Amended Complaint by Karen Clairmont.(Ketcham, Walter) (Entered: 01/30/2018) |
| 02/01/2018 | 52 | Unopposed MOTION for Extension of Time to File Responsive Pleading *to Plaintiffs' Second Amended Complaint* by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (Angell, Derek) (Entered: 02/01/2018) |
| 02/02/2018 | 53 | **ENDORSED ORDER granting 52 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 2/2/2018. (Presnell, Gregory)** (Entered: 02/02/2018) |
| 02/08/2018 | 54 | MOTION to Dismiss Second Amended Complaint by Orange County, Florida. (Angell, Derek) (Entered: 02/08/2018) |
| 02/20/2018 | 55 | RESPONSE in Opposition re 54 MOTION to Dismiss Second Amended Complaint filed by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) (Entered: 02/20/2018) |
| 05/14/2018 | 56 | **ORDER granting 54 motion to dismiss. It is hereby ORDERED that Defendant Orange County's Motion to Dismiss (Doc. 54) is GRANTED. Count I of the Second Amended Complaint is DISMISSED with prejudice. Signed by Judge Gregory A. Presnell on 5/14/2018. (MAF)** (Entered: 05/14/2018) |
| 06/08/2018 | 57 | Agreed MOTION to extend Deadlines by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) Modified on 6/11/2018 (LMM). (Entered: 06/08/2018) |
| 06/11/2018 | 58 | **ENDORSED ORDER granting 57 Motion to extend time. The Plaintiffs' unopposed Motion to Extend Deadlines (Doc. 57) is GRANTED. Signed by Judge Gregory A. Presnell on 6/11/2018. (MAF)** (Entered: 06/11/2018) |
| 06/13/2018 | | Set/reset scheduling order deadlines: Discovery due by 11/5/2018, Dispositive motions due by 12/3/2018, Joint final Pretrial statement due by 4/8/2019, All other motions due by 4/22/2019, Final Pretrial Conference set for 5/14/2019 at 01:30 PM in Orlando Courtroom 5 A before Judge Gregory A. Presnell, Trial term begins 6/3/2019 at 09:15 AM in Orlando Courtroom 5 A before Judge Gregory A. Presnell., Conduct mediation hearing by 12/3/2018. Lead counsel to coordinate dates., Defendant disclosure of expert report due by 10/8/2018, Plaintiff disclosure of expert report due by 9/11/2018 (LMM) (Entered: 06/13/2018) |
| 07/16/2018 | 59 | NOTICE of mediation conference/hearing to be held on October 3, 2018, at 1:30 p.m. before Donna C. Doyle. (Bradford, Gail) (Entered: 07/16/2018) |
| 07/16/2018 | 60 | AMENDED NOTICE of mediation conference/hearing to be held on November 28, 2018, at 1:00 p.m. before Donna C. Doyle. (Bradford, Gail) Modified on 7/17/2018 (LMM). (Entered: 07/16/2018) |
| 09/05/2018 | 61 | Unopposed MOTION for miscellaneous relief, specifically Unopposed Motion to Excuse Party Attendance at Mediation by Orange County, Florida. (Bradford, Gail) (Entered: 09/05/2018) |
| 09/17/2018 | 62 | **ORDER to show cause why this case should not be stayed as to Ms. Evans based on** |

| | | |
|---|---|---|
| | | her filing for bankruptcy as to Willine Bryant, Maryanne Evans, Max Gracia, Sr. **Show Cause Response due by 9/28/2018 Signed by Judge Gregory A. Presnell on 9/17/2018. (TKW)** (Entered: 09/17/2018) |
| 09/26/2018 | 63 | RESPONSE re 62 Order to show cause by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) (Entered: 09/26/2018) |
| 09/27/2018 | 64 | RESPONSE TO ORDER TO SHOW CAUSE re 62 Order to show cause filed by Maryanne Evans. (Bradford, Gail) (Entered: 09/27/2018) |
| 10/03/2018 | 65 | **ENDORSED ORDER granting 61 Motion. Signed by Judge Gregory A. Presnell on 10/3/2018. (Presnell, Gregory)** (Entered: 10/03/2018) |
| 10/12/2018 | 66 | MOTION to Compel Authorization for Release of Information by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter, Orange County, Florida. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(Angell, Derek) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 10/12/2018) |
| 10/29/2018 | 67 | **ORDER granting 66 Motion to Compel Authorization for Release of Information. Signed by Magistrate Judge Karla R. Spaulding on 10/29/2018. (ECJ)** (Entered: 10/29/2018) |
| 11/02/2018 | 68 | Unopposed MOTION to Continue *all Deadlines by Two Months* by Orange County, Florida. (Angell, Derek) (Entered: 11/02/2018) |
| 11/05/2018 | 69 | **ENDORSED ORDER granting 68 Motion to Continue. An Amended Case Management and Scheduling Order will be docketed separately. Signed by Judge Gregory A. Presnell on 11/5/2018. (TKW)** (Entered: 11/05/2018) |
| 11/05/2018 | 70 | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: Signed by Judge Gregory A. Presnell on 11/5/2018. (TKW)** (Entered: 11/05/2018) |
| 11/06/2018 | | Set/reset scheduling order deadlines: Discovery due by 1/4/2019, Dispositive motions due by 2/1/2019, Joint final Pretrial statement due by 6/14/2019, All other motions due by 6/28/2019, Final Pretrial Conference set for 7/11/2019 at 01:30 PM in Orlando Courtroom 5 A before Judge Gregory A. Presnell, Trial term begins 8/5/2019 at 09:15 AM in Orlando Courtroom 5 A before Judge Gregory A. Presnell., Conduct mediation hearing by 12/3/2018. Lead counsel to coordinate dates. (LMM) (Entered: 11/06/2018) |
| 12/04/2018 | 71 | MEDIATION report Hearing held on November 28, 2018. Hearing outcome: impasse.. (Doyle, Donna) (Entered: 12/04/2018) |
| 12/11/2018 | 72 | MOTION for Jason Recksiedler and Stephen Calvacca to withdraw as attorney by Willine Bryant, Max Gracia, Sr. (Recksiedler, Jason) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 12/11/2018) |
| 12/11/2018 | 73 | **ORDER denying without prejudice 72 Motion to Withdraw as Attorney. See.pdf for instructions. Signed by Magistrate Judge Karla R. Spaulding on 12/11/2018. (Spaulding, Karla)** (Entered: 12/11/2018) |
| 01/14/2019 | 74 | Unopposed Renewed MOTION for Plaintiffs Counsel to withdraw by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 1/15/2019 (LMM). (Entered: 01/14/2019) |
| 01/15/2019 | 75 | **\*\*VACATED PER 76 ORDER\*\* ORDER AND DIRECTION TO CLERK OF COURT granting in part and denying in part 74 Motion to Withdraw as Attorney. See Order for details. Signed by Magistrate Judge Karla R. Spaulding on 1/15/2019. (DMA)** Modified on 1/16/2019 (LMM). (Entered: 01/15/2019) |

| | | |
|---|---|---|
| 01/16/2019 | [76](#) | **ORDER AND DIRECTION TO CLERK OF COURT. The Court's Order permitting counsel for Plaintiffs to withdraw, (Doc. No. [75](#)), is hereby VACATED. Plaintiff Willine Bryant has notified the Court that she objects to counsels' withdrawal from representation in this case. Accordingly, Plaintiffs' Unopposed Renewed Motion to Withdraw, (Doc. No. [74](#)), is DENIED without prejudice. The Clerk of Court is directed to reinstate Attorneys Recksiedler and Calvacca as counsel of record for Plaintiffs on the docket. Signed by Magistrate Judge Karla R. Spaulding on 1/16/2019. (DMA)** (Entered: 01/16/2019) |
| 01/17/2019 | 77 | **STRICKEN AND DELETED PER [78](#) ORDER** NOTICE of compliance and response to [76](#) Order by Willine Bryant, Max Gracia, Sr (Calvacca, Stephen) Modified on 1/17/2019 (LMM). Modified on 1/22/2019 (LMM). (Entered: 01/17/2019) |
| 01/18/2019 | [78](#) | **ORDER to Strike re: 77 Compliance notice filed by Willine Bryant, Max Gracia, Sr. The Clerk of Court is DIRECTED to delete it from CM/ECF. Signed by Magistrate Judge Karla R. Spaulding on 1/18/2019. (DMA)** (Entered: 01/18/2019) |
| 01/22/2019 | [79](#) | NOTICE of compliance of service by Willine Bryant, Max Gracia, Sr (Calvacca, Stephen) Modified on 1/23/2019 (LMM). (Entered: 01/22/2019) |
| 01/31/2019 | [80](#) | MOTION for miscellaneous relief, specifically to File Documents Under Seal by Maryanne Evans. (Bradford, Gail) (Entered: 01/31/2019) |
| 02/01/2019 | [81](#) | **ENDORSED ORDER granting in part [80](#) Motion to file exhibit under seal. Signed by Magistrate Judge Karla R. Spaulding on 2/1/2019. (Spaulding, Karla)** (Entered: 02/01/2019) |
| 02/01/2019 | [82](#) | MOTION for summary judgment by Maryanne Evans. (Bradford, Gail) (Entered: 02/01/2019) |
| 02/01/2019 | [83](#) | NOTICE of Filing Documents in Support of Motion for Summary Judgment by Maryanne Evans re [82](#) MOTION for summary judgment (Attachments: # [1](#) Exhibit Declaration of Maryanne Evans, # [2](#) Exhibit Deposition of Elsa Galloza-Gonzalez) (Bradford, Gail) Modified on 2/4/2019 (LMM). (Entered: 02/01/2019) |
| 02/01/2019 | | Sealed Document S-84. (LMM) (Entered: 02/01/2019) |
| 02/01/2019 | [85](#) | First MOTION for summary judgment by Karen Clairmont. (Attachments: # [1](#) Exhibit Depo of Clairmont, # [2](#) Exhibit Clarimont Progress Note 1, # [3](#) Exhibit Clarimont Progress Note, # [4](#) Exhibit Clairmont Treatment Note, # [5](#) Exhibit Clairmont Housing and Inmate Worker Sheet, # [6](#) Exhibit Clairmont Progress Note 3, # [7](#) Exhibit Clairmont Progress Note 4, # [8](#) Exhibit Clairmont Progress Note 5)(Moes, Brian) (Entered: 02/01/2019) |
| 02/05/2019 | [86](#) | **MILBURN ORDER re [85](#) First MOTION for summary judgment filed by Karen Clairmont, [82](#) MOTION for summary judgment filed by Maryanne Evans. Plaintiffs will be allowed until March 6, 2019, to file responsive memoranda and any materials in opposition to the motions. Defendants may file reply briefs, not exceeding ten (10) pages, within fourteen (14) days after the response is served. The parties shall electronically file all exhibits in support of their papers. The parties will be advised if paper copies of any or all exhibits will be required. The Court prefers transcripts in full-page format. Signed by Judge Gregory A. Presnell on 2/5/2019. Copies mailed. (LAM)** (Entered: 02/05/2019) |
| 02/06/2019 | | Set/reset deadlines as to [82](#) MOTION for summary judgment , [85](#) First MOTION for summary judgment . Responsive memoranda due by 3/6/2019 (LMM) (Entered: 02/06/2019) |
| 02/15/2019 | [87](#) | STIPULATION of Dismissal *with prejudice of Defendant, Maryanne Evans* by Maryanne |

| | | Evans. (Bradford, Gail) (Entered: 02/15/2019) |
|---|---|---|
| 02/18/2019 | 88 | MOTION for summary judgment by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter. (Attachments: # 1 Exhibit Thomas Fowlkes Expert Report, # 2 Exhibit Thomas Fowlkes Deposition Transcript Excerpt, # 3 Exhibit Robert Buck Deposition Transcript)(Angell, Derek) (Entered: 02/18/2019) |
| 02/18/2019 | 89 | Unopposed MOTION for leave to file Motion for Summary Judgment Out of Time by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter. (Angell, Derek) (Entered: 02/18/2019) |
| 02/19/2019 | 90 | **ORDER re 87 Stipulation of Dismissal filed by Maryanne Evans that Plaintiffs' claims against Defendant Maryanne Evans are dismissed with prejudice, each party to bear its own fees and costs. Any pending motions as to this defendant are DENIED as moot. The Clerk is directed to term this defendant. Signed by Judge Gregory A. Presnell on 2/19/2019. (TKW)** (Entered: 02/19/2019) |
| 02/19/2019 | 91 | **ENDORSED ORDER granting 89 Motion for Leave to File. The Motion for Leave to File is GRANTED. Signed by Judge Gregory A. Presnell on 2/19/2019. (MAF)** (Entered: 02/19/2019) |
| 02/19/2019 | 92 | **MILBURN ORDER re 88 MOTION for summary judgment filed by Elsa Galloza-Gonzalez, Robert J. Buck, III, Lynn Marie Harter. Plaintiffs will be allowed until March 11, 2019, to file responsive memoranda and any materials in opposition to the motion. Defendants may file reply briefs, not exceeding ten (10) pages, within fourteen (14) days after the response is served. The parties shall electronically file all exhibits in support of their papers. The parties will be advised if paper copies of any or all exhibits will be required. The Court prefers transcripts in full-page format. Signed by Judge Gregory A. Presnell on 2/19/2019. Copies mailed. (LAM)** (Entered: 02/19/2019) |
| 02/20/2019 | | Set/reset deadlines as to 88 MOTION for summary judgment . Responsive memoranda due by 3/11/2019 (LMM) (Entered: 02/20/2019) |
| 02/21/2019 | 93 | MOTION for Extension of Time to File Response/Reply as to 85 First MOTION for summary judgment by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 02/21/2019) |
| 02/22/2019 | 94 | **ORDER granting 93 Motion for Extension of Time to File Response/Reply re 85 First MOTION for summary judgment . Response due by 3/11/2019. Signed by Magistrate Judge Karla R. Spaulding on 2/21/2019. (ECJ)** (Entered: 02/22/2019) |
| 02/25/2019 | 95 | NOTICE of filing by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter re 88 MOTION for summary judgment (Attachments: # 1 Exhibit Deposition Transcript of Dr. Thomas Fowlkes)(Angell, Derek) Modified on 2/26/2019 (LMM). (Entered: 02/25/2019) |
| 03/01/2019 | 96 | Case Reassigned to Leslie R. Hoffman. New case number: 6:17-cv-1423-Orl-31LRH. Magistrate Judge Karla R. Spaulding no longer assigned to the case. (ALL) (Entered: 03/01/2019) |
| 03/11/2019 | 97 | NOTICE of filing report of Dr. Thomas Fowlkes by Willine Bryant, Max Gracia, Sr (Calvacca, Stephen) Modified on 3/12/2019 (LMM). (Entered: 03/11/2019) |
| 03/11/2019 | 98 | NOTICE of filing report and affidavit of Lorie E. Roscoe by Willine Bryant, Max Gracia, Sr (Calvacca, Stephen) Modified on 3/12/2019 (LMM). (Entered: 03/11/2019) |
| 03/11/2019 | 99 | NOTICE of filing deposition transcript of Dr. Robert Buck by Willine Bryant, Max Gracia, Sr (Calvacca, Stephen) Modified on 3/12/2019 (LMM). (Entered: 03/11/2019) |

| 03/11/2019 | [100](#) | Consolidated RESPONSE to Motion re [85](#) First MOTION for summary judgment , [88](#) MOTION for summary judgment filed by Willine Bryant, Max Gracia, Sr. (Calvacca, Stephen) Modified on 3/12/2019 (LMM). (Entered: 03/11/2019) |
|---|---|---|
| 03/25/2019 | [101](#) | REPLY to Response to Motion re [88](#) MOTION for summary judgment filed by Robert J. Buck, III, Elsa Galloza-Gonzalez, Lynn Marie Harter. (Angell, Derek) (Entered: 03/25/2019) |
| 03/25/2019 | [102](#) | REPLY to Response to Motion re [85](#) First MOTION for summary judgment filed by Karen Clairmont. (Moes, Brian) (Entered: 03/25/2019) |
| 04/24/2019 | [103](#) | **ORDER denying as moot [82](#) Motion for summary judgment; denying [85](#) Motion for summary judgment; granting in part and denying in part [88](#) Motion for summary judgment. The Defendants' Motion for Summary Judgment (Doc. 88) is GRANTED as to Defendants Harter and Gonzalez and DENIED as to Defendant Buck. Defendant Clairmont's Motion for Summary Judgment (Doc. 85) is DENIED. Defendant Evans's Motion for Summary Judgment (Doc. 82) is DENIED as MOOT. Signed by Judge Gregory A. Presnell on 4/24/2019. (MAF)** (Entered: 04/24/2019) |
| 05/14/2019 | [104](#) | NOTICE OF INTERLOCUTORY APPEAL as to [103](#) Order on motion for summary judgment by Robert J. Buck, III, Karen Clairmont. Filing fee not paid. (Angell, Derek) (Entered: 05/14/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/15/2019 11:29:14 | | |
| **PACER Login:** | ud1230:3975393:3956495 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:17-cv-01423-GAP-LRH |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLINE BRYANT and MAX GRACIA,
SR.,

                Plaintiffs,

v.                                      Case No:   6:17-cv-1423-Orl-31LRH

ORANGE COUNTY, FLORIDA,
ROBERT J. BUCK, III , KAREN
CLAIRMONT, ELSA GALLOZA-
GONZALEZ and LYNN MARIE
HARTER,

                Defendants.

_____

## ORDER

This Matter comes before the Court without a hearing on Defendant Buck's Motion for Summary Judgment (Doc. 88), Defendant Clairmont's Motion for Summary Judgment (Doc. 85), the Plaintiff's Response (Doc. 100) and the Defendants' Replies (Docs. 101 and 102).[1]

## I.    Background

### A.  Facts as Alleged in the Complaint[2]

During his arrest on August 6, 2015, Max Gracia, Jr. suffered dog bite wounds to his hands and legs. Second Amend. Compl., Doc. 47, ¶ 21. Although Gracia suffered multiple dog bites on

---

[1] Although other Defendants also moved for summary judgment, the Plaintiffs do not oppose summary judgment for Defendants Gonzalez and Harter. (Doc. 100 at 2).

[2] Of course, the Court does not take the Plaintiffs' allegations as true at this stage. The Court uses allegations from the Complaint solely to provide context for later discussion. Because the questions at hand are narrow, the Complaint provides more comprehensive background information than does the evidence cited by the parties for purposes of the instant motions.

both his hands and legs, at least some of which were severe, the Plaintiffs do not seek any relief with respect to the initial dog bite injuries themselves.[3] After receiving some treatment for those wounds at Orange County Regional Medical Center, Gracia was admitted to the Health Services Department, also known as Corrections Health Services ("CHS") of Orange County Corrections ("OCC"). *Id.*

Gracia's injuries resulted in an assignment to the Infirmary at OCC. *Id.* ¶ 22. Around the time of Gracia's admission to the Infirmary, Defendant Robert Buck III, M.D. ("Buck") evaluated him and noted that he "had multiple dog bites with severe flesh involvement." *Id.* Buck put Gracia back on his seizure medication, prescribed antibiotics and pain medication, including ibuprofen and Tylenol #3,[4] and noted that, upon verification that Gracia "had been compliant in the community," Atripla[5] should be ordered. *Id.* ¶ 22-23. Buck did not order Atripla for Gracia, and "Buck never saw or inquired about [Gracia] again." *Id.* ¶ 23.

On August 7, 2015, Gracia's "wounds were cleaned and dressed" by Elsa Galloza-Gonzalez ("Gonzalez").[6] *Id.* ¶ 25. At that time, at least one of his wounds was "reddened with scant serosanguineous drainage present." *Id.* Later, Defendant Karen Clairmont ("Clairmont") allegedly saw Gracia but did not obtain his vital signs or perform any physical assessment.[7] *Id.* ¶ 26.

---

[3] The Plaintiffs filed suit as co-personal representatives of the estate of Gracia.

[4] Tylenol #3 contains acetaminophen and codeine. *Acetaminophen and Codeine*, MAYO CLINIC, https://www.mayoclinic.org/drugs-supplements/acetaminophen-and-codeine-oral-route/description/drg-20074117 (last accessed April 18, 2019).

[5] Atripla is an antiviral medication used to treat HIV infections. (Doc. 95-1 at 28).

[6] This was recorded in a Nursing Treatment Note, completed at 5:20 p.m. on August 7, 2015.

[7] This was recorded in a Nursing Progress Note, completed retroactively at 7:07 a.m. on August 8, 2015.

On August 8, 2015, Gracia was educated about the risk of infection and was told to increase his fluid intake.[8] *Id.* ¶ 27. Gracia's wound dressing was changed, and Gonzalez again noted that the wound on his left leg was "reddened with scant serosanguineous drainage."[9] *Id.* ¶ 28. That afternoon, Gracia vomited twice, but his vital signs were not taken. Gracia was later given odansetron, an anti-nausea drug.[10] Although the wound was reddened and Gracia complained of vomiting, Gonzalez recorded that he showed "no signs or symptoms of infection." *Id.* ¶ 28, 29; *see also* Doc. 83-1 at 42.

On August 9, 2015, at 6:35 a.m., the dressing on Gracia's left leg wound was changed. The wound was reddened and had "a large amount of bloody drainage."[11] *Id.* ¶ 30. Gracia complained of dizziness and weakness, and at some point that morning his vital signs were recorded (for the first time in fifty-five hours), revealing tachycardia[12] of 131 and a respiratory rate of 22. *Id.* ¶ 32. In response to this abnormality, Evans ordered an increased fluid intake.[13] *Id.* Gracia's vital signs

---

[8] This was recorded by Gonzalez in a Nursing Progress Note, completed at 11:38 a.m. on August 8, 2015.

[9] This was recorded in a Nursing Treatment Note, completed at 4:59 p.m. on August 8, 2015.

[10] This was recorded by Gonzalez at 5:13 p.m. on August 8, 2015. Maryanne Evans ("Evans") co-signed the order for odansetron at 5:00 p.m. on August 9, 2015. It is unclear whether Gracia was given odansetron before or after the order was co-signed.

[11] This was recorded by Clairmont in a Nursing Progress Note, completed at 6:38 a.m. on August 9, 2015. The Note had the exact same language as the one recorded by Clairmont on the previous day. *Id.* ¶ 31.

[12] "Tachycardia occurs when an abnormality in the heart produces rapid electrical signals that quicken the heart rate, which is normally about 60 to 100 beats a minute at rest." *Tachycardia*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/tachycardia/symptoms-causes/syc-20355127 (accessed April 17, 2019).

[13] This was recorded by Gonzalez in a Nursing Progress Note, completed at 10:29 a.m. on August 9, 2015. Thus, it appears that Evans ordered the increased fluid intake prior to co-signing the odansetron order. *See supra* n.10 and accompanying text. There is no indication that the

were never taken again. *Id.* At 9:00 p.m., Gracia twisted and moaned loudly in bed, said that he "can't do it," and fell to the ground.[14] *Id.* ¶ 37. At some point prior to 9:54 p.m., Gracia allegedly "refused to get up for his evening medications."[15] *Id.* ¶ 33.

At around 11:16 p.m. on August 9, 2015, an officer and two supervisors came to transfer Gracia to a camera-monitored cell.[16] *Id.* ¶ 35. At the time, Gracia was unresponsive, groaning lethargically, and laying on the floor. *Id.* Clairmont was present and, although she disputes this, the Plaintiffs claim she told the officers that he was "faking or exaggerating his medical condition and inability to get up."[17] *Id.* The officer and two inmate workers physically moved Gracia to a cell with a recording camera. *Id.* Gracia was documented as compliant. *Id.* However, a disciplinary report was filed against Gracia because he "refus[ed]" to follow orders in connection with the transfer; instead, Gracia lay on his back on the floor and "refus[ed] all treatment."[18]  *See id.* ¶ 38.

On August 10, 2015, at 2:58 a.m., a corrections investigator allegedly tried to "interrogate" Gracia with respect to the disciplinary report. *Id.* ¶ 36. According to the Plaintiffs, Gracia was unable to reply to the corrections investigator. *Id.*

_____

nursing staff ever checked to see if Gracia had increased his fluid intake.

[14] This was recorded by Clairmont at 3:13 a.m. on August 10, 2015.

[15] This was recorded by Lynn Marie Harter ("Harter") in a Nursing Note, completed at 9:54 p.m. on August 9, 2015.

[16] Clairmont testified that she decided to move Gracia in order to keep an eye on him.

[17] In support of this, the Plaintiffs mention reports by Officer Vargas and his tour supervisor without including them or citing to them more specifically.

[18] This was recorded by Clairmont in a Nursing Progress Note, completed at 3:35 a.m. on August 10, 2015.

At approximately 5:15 a.m., an officer informed Clairmont that Gracia was not breathing.[19] *Id.* ¶ 39. Clairmont observed Gracia on his back in bed, with no pulse or respirations. Efforts to revive Gracia began and continued until EMS arrived and transported Gracia at 5:48 a.m. *Id.* At 6:09 a.m., Gracia was pronounced deceased at Orlando Regional Medical Center. *Id.* ¶ 40. An autopsy report concluded that the manner of his death was homicide, due to his incarceration, and that the cause of death was "septic shock complicating infected dog bite wounds" with HIV as a contributory factor. *Id.* ¶ 41.

### B. Procedural History

On September 18, 2017, the Plaintiffs filed the Amended Complaint (Doc. 29). Count I alleged a § 1983 claim against Orange County, Count II alleged a § 1983 claim against Buck, Count III alleged a § 1983 claim against Evans, Count IV alleged a § 1983 claim against Clairmont, Count V alleged a § 1983 claim against Gonzalez, Count VI alleged a § 1983 claim against Harter, and Count VII alleged a medical malpractice claim against Orange County.

Clairmont and Evans each filed motions to dismiss on October 2, 2017. Docs. 31, 32. That same day, Orange County, Buck, Gonzalez, and Harter filed a collective motion to dismiss. Doc. 33. The Court granted Orange County's motion but denied the others. Doc. 44. On January 18, 2018, the Plaintiffs filed the Second Amended Complaint. Doc. 47. Orange County filed a Motion to Dismiss Count I of the Second Amended Complaint on February 8, 2018. Doc. 54. The Court granted Orange County's motion and dismissed Count I of the Second Amended Complaint with prejudice.

---

[19] This was recorded by Clairmont in a Nursing Progress Note, completed at 8:02 a.m. on August 10, 2015.

Evans, Buck, Clairmont, Gonzalez, and Harter later filed motions for summary judgment. (Docs. 82, 85, and 88). In their Consolidated Response, the Plaintiffs indicate that they do not oppose summary judgment as to Defendants Gonzalez and Harter.[20] (Doc. 100). Accordingly, only Defendants Buck and Clairmont remain at issue for purposes of summary judgment.

## II.    Legal Standards

### A.  Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." *Hinson v. Clinch County, Ga. Bd. Of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000)).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make

---

[20] The Plaintiffs' claims against Evans were voluntarily dismissed on February 19, 2019. (Doc. 90). Evans's Motion for Summary Judgment (Doc. 82) is therefore moot.

a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). The Court must consider all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

## B. Qualified Immunity and Section 1983

"Qualified immunity shields 'government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Taylor v. Hughes*, No. 17-14772, 2019 WL 1461316, at *2 (11th Cir. Apr. 3, 2019) (internal quotation marks omitted). Relief under § 1983 requires the "deprivation of an actual constitutional right." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999). It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment. *Id.* To succeed on a claim in this context under § 1983, the Plaintiff must show (1) a serious medical need, (2) deliberate indifference to that need by the Defendants, and (3) a causal connection between Defendant's deliberate indifference and Plaintiff's injuries. *See Hatten v. Prison Health Services, Inc.*, 2006 WL 4792785 (M. D. Fla. Sept. 13, 2006).

While § 1983 does not permit *respondeat superior* liability, a supervisor can be held liable where a plaintiff shows that the supervisor "either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cty.*, 749 F.3d 1034, 1047-48 (11th Cir. 2014). The

- 7 -

Plaintiffs can show a causal connection by showing that "the supervisor's policy or custom resulted in deliberate indifference." *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013) (internal quotation marks omitted).

Because, in this particular case, the analyses for whether the Defendants are entitled to qualified immunity and whether the Plaintiffs have failed to state a claim for relief under § 1983 both turn on whether the Plaintiffs have properly alleged the violation of a constitutional right, the Court combines its discussion of the two issues.

## III.   Analysis

### A.   Defendant Buck

As a threshold matter, deliberate indifference requires subjective knowledge. Buck argues that he did not have subjective knowledge of Gracia's problems. In support of this, he points to the conclusions reached by the Plaintiffs' expert, Dr. Thomas Fowlkes.[21] However, based on his initial interaction with Gracia, Buck knew that he was at risk for infection (sepsis) and that "if no action [was] taken, the detainee face[d] a 'substantial risk of serious harm.'" *Taylor v. Hughes*, No. 17-14772, 2019 WL 1461316, at *3 (11th Cir. Apr. 3, 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

---

[21] Fowlkes did state that he did not see evidence from which he could reach a conclusion that Buck was deliberately indifferent. Doc. 88-2 at 4. However, deliberate indifference is a legal conclusion – one that Fowlkes is not qualified to reach. *See* Doc. 95-1 at 24,61. Even in the portion of the Fowlkes deposition attached to the instant motion, Fowlkes expressed discomfort with the Defendants' repeated requests for him to make a determination of whether the medical staff acted with deliberate indifference, stating that it "is more a legal conclusion rather than a medical opinion," and that he "usually describe[s] it in terms of . . . the degree to which they breached the standard of care." Doc. 88-2 at 5-6. Fowlkes describes the collective action taken by the OCC medical staff as "far below the acceptable standard of care for healthcare within a detention facility." Doc. 95-1 at 182.

Buck's Motion emphasizes the brevity of his interaction with Gracia, theorizing that, because he never again saw Gracia after intake, he could not have acted in deliberate indifference to his serious medical need. But his failure to follow up is itself evidence of indifference. Writing off his role as direct medical provider to a "single, brief evaluation," Buck attempts to recharacterize the issue as one of supervisory liability. Doc. 88 at 8-9. That characterization, however, simply illuminates Buck's indifference: He viewed his role as that of a mere supervisor[22] of the nursing staff rather than as the sole treating physician of Gracia. The Court will not disregard Buck's indifference as a medical provider simply because he was also a medical director.

The motion goes so far as to state that "[a]t no time after this interaction did Buck have a direct treatment relationship with Mr. Gracia. Rather, *his treatment was overseen and provided by various other medical providers*." *Id.* at 8 (emphasis added). However, none of the "various other medical providers" who were "overseeing" Gracia were his treating physician; Buck was.[23] Buck acknowledged that the only reason he ever saw this patient – who was obviously unable to see any other doctor due to his incarceration – was because a nurse had called in sick. Buck knew that the infirmary had a burdensome nurse-to-patient ratio,[24] and he knew that the environment of a corrections infirmary was demanding.[25]   Nevertheless, Buck examined an HIV positive patient

---

[22]  At least, he acted as a supervisor to the extent that being on call 24/7 in order to potentially advise a nurse to have a patient taken to the emergency room can be called supervising. *See* 88-3 at 41-42 (acknowledging that Buck had never returned to the jail to perform an examination after being called by a nurse and instead had only instructed nurses to send patients to the ER on occasion).

[23]  All of the other providers were nurses of varying levels and not medical doctors.

[24]  *See* Doc. 85-1 at 101-102 (Clairmont describes chronic understaffing and unique challenges of corrections infirmaries). When asked, Buck stated that there was no nurse-patient ratio standard that was followed, or that if there was one, he did not remember. Doc. 88-3 at 42.

[25]  Buck "served at corrections from 2011-2015." Doc. 88-3 at 45.

with a severe dog-bite wound and deliberately declined to play any active role in his subsequent treatment. Viewing the facts in the light most favorable to the Plaintiffs, that behavior is the very essence of deliberate indifference.

Furthermore, there remain material questions of fact as to whether, as a supervisor, Buck's policies and customs resulted in deliberate indifference. In his deposition, Buck indicated that as medical director, he (along with others, although it is not clear who else) reviewed "policy every year on a month-to-month basis." Doc. 99 at 9. Despite Buck's claim that he was on call 24/7 (*Id.* at 18-19), Clairmont testified that she was not taught that she could call a doctor and have them come in, and she never saw a doctor examine an inmate during the night shifts, which were the shifts that she worked. Doc. 85-1 at 58-59. Other evidence indicates that there was little to no distinction made between medical doctors and nurses for purposes of treatment policy. For example, Galloza-Gonzalez refers to Evans as a "doctor," and she reached out to Evans rather than Buck when Gracia showed early signs of sepsis. Doc. 83-2 at 57-58. Buck testified that it was typical for a nurse practitioner, rather than a medical doctor, to admit patients to the infirmary. Doc. 99 at 15.

Clairmont also testified that she would only have been able to handle half of the twenty-three patients for whom she was responsible in the infirmary. Doc. 85-1 at 101. She explained that putting only one registered nurse with the especially sick patients that would likely be in a corrections department infirmary – citing examples of a beaten-up patient who had lost an eye, and a patient "with wired jaws that you may have to snip" – "just doesn't make any sense." *Id.* at 102. She further noted that in an emergency department, a ratio of even one registered nurse to six patients would be considered "ridiculous." *Id*. Based on policy, which Buck regularly reviewed and approved, one registered nurse could have been responsible for as many as forty patients. *Id.* at 104. Clairmont acknowledged that she never expressed concerns to Buck about the understaffing, but she also stated

that she did not have an opportunity to do so. *Id.* at 108. She further noted that no one from Orange County had ever checked with her to see if there was sufficient staff to treat the patients in the infirmary. *Id.* at 111. While understaffing alone may not be sufficient to show a custom or policy resulting in deliberate indifference, a jury could conclude that persistent, extreme understaffing, when coupled with the failure to involve doctors, would be. The Plaintiffs have met their burden of showing genuine issues of material fact as to deliberate indifference by Defendant Buck both as a medical provider and director.

### B. Defendant Clairmont

The Plaintiffs assert that Clairmont failed to treat Gracia because she believed without justification that he was faking his condition, and there is credible evidence to support this assertion. Clairmont's own Progress Note described Gracia as "refus[ing] all assistance and refus[ing] all care from nursing staff." Doc. 85-7. As stated in Clairmont's Motion, when she observed Gracia, who had a wound dressing she described as "heavily soiled with dried bloody drainage," "twisting himself and moaning loudly," crying "I can't do it," and sliding to the floor when offered his nightly medication, she wrote that he "refused all assistance." *See* Doc. 102 at 5. Refusing assistance would only be a reasonable description of what Gracia did if she believed he was malingering. Ignoring an apparently serious medical condition because of an unfounded belief that the patient is malingering can certainly constitute deliberate indifference. *See, e.g.*, *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (in § 1983 case involving prisoner, reversing entry of summary judgment on qualified immunity grounds and stating, "[t]he fact that Nurse Dunbar and Dr. Benjamin may have based their refusal to treat Walker's pain on a good-faith belief that he was malingering, that he was not in pain but merely trying to get high with the narcotic painkiller, is an issue for the jury.").

Assuming Clairmont did believe Gracia's suffering was real, as she claims in her motion, the Plaintiffs' case is even stronger. Clairmont was an experienced nurse with specific knowledge of Gracia's injury and HIV positive status. There is evidence that indicates Gracia's condition worsened steadily, giving numerous opportunities for Clairmont to act. Dr. Fowlkes explained that "[Gracia's] tissue had started to die, and that doesn't happen in a matter of minutes or even a couple of hours; that means it's been going on for a while." Doc. 95-1 at 56. According to Fowlkes, the kidney failure and adrenal hemorrhage suffered by Gracia also would have taken multiple hours to occur. *Id.* at 57-58.   Not only did Gracia's worsening condition allow time for a proper response; it also produced some readily visible evidence. "[L]ots of coffee ground materials" were found on Gracia's towels and sheets, which Fowlkes said indicated that he was vomiting blood due to the disintegration of his esophagus. *Id.* at 57.   After Gracia was transferred to the cell for observation, Clairmont never physically entered his cell to look at him, although she did testify that she looked at him on the camera monitor.[26] Doc. 85-1 at 88. She never saw him moving around the cell, although that is apparently why she was watching the monitor: to see if he was moving. *Id.* at 88-89.

If Clairmont believed what she put in her Progress Note, she knew that Gracia was suffering with a serious medical condition and her refusal to provide any intervention would be classic indifference. Conversely, if she decided to ignore his complaints as malingering, that too could amount to deliberate indifference. Either way, the Plaintiffs have met their burden of showing that a reasonable jury could render a verdict against Clairmont under Section 1983 for deliberate indifference to a serious medical need. Clairmont is not entitled to summary judgment.

---

[26] Defendant Clairmont also testified that the monitors for Gracia's cell were not located inside the nurses' station, although they could be seen from the window. Doc. 85-1 at 98.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Doc. 88) is **GRANTED** as to Defendants Harter and Gonzalez and **DENIED** as to Defendant Buck. Defendant Clairmont's Motion for Summary Judgment (Doc. 85) is **DENIED**. Defendant Evans's Motion for Summary Judgment (Doc. 82) is **DENIED** as **MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 24, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party